Jeffrey L. Bailey and Marlon E. Carter,

           Plaintiff,                Case No. 19-cv-1024 (DWF/TNL)

v.

Metropolitan Council, First Transit, Inc.,
Tim Ogren, Patricia Vold, Don Johnson,        **ORDER**
Troy D. Gustafson, Teamsters Local 120,
and Dean Vinge,

           Defendants,

Jeffrey L. Bailey, 1418 130th Avenue, New Richmond, WI 54017 and Marlon E. Carter 2600 21st Avenue North, Minneapolis, MN 55411 (pro se Plaintiffs);

Brian Hentosz, Littler Mendelson, 625 Liberty Avenue, Pittsburgh, PA 15222 and Holly M. Robbins, Littler Mendelson, 80 South Eighth Street, Suite 1300, Minneapolis, MN 55402 (for Defendants Metropolitan Council, First Transit, Inc., Ogren, Vold, and Vinge); and

Katrina E. Joseph, Teamsters Local No. 120, 9422 Ulysses Street Northeast, Suite 120, Blaine, MN 55434 (for Defendants Gustafson and Teamsters Local 120).

This matter is before the Court on Plaintiffs' Motions for Extension of Response Time to All Defendants' Motions (ECF Nos. 31 and 39), Plaintiffs' Motions for Restraining Order on Brian Hentosz. (ECF Nos. 32 and 40), Plaintiffs' Motions to Serve by Publication on "Defendant" Don Johnson (ECF Nos. 35 and 42), and Plaintiffs' Motion to Amend Complaint (ECF No. 44). For the reasons set forth below, the Court will deny the motions

for extension of time, to serve by publication, and to amend the complaint. The Court will set forth a briefing schedule on the motion for a temporary restraining order.

## I. BACKGROUND

Plaintiffs filed suit on April 12, 2019. They allege claims related to their employment at the First Transit Metro Mobility Division of Roseville, MN and their membership in Teamsters Union Local 120. (ECF No. 5, p. 7). All Defendants have appeared in this matter, with the exception of Defendant Don Johnson. Plaintiffs attempted to serve Johnson at what they believed to be his place of employment. (ECF No. 37). Plaintiffs discovered, however, that Johnson no longer worked there. (*Id*.). They appear to have made no additional efforts to locate and serve him. The remaining Defendants have moved to dismiss the complaint. (ECF Nos. 11 & 17).

On July 18, 2019, Plaintiffs filed three motions. First, they sought to extend the time to respond to Defendants' motions to dismiss. (ECF No. 31). Second, they sought a temporary restraining order against Attorney Brian Hentosz. (ECF No. 32). Finally, they sought permission to serve Johnson by publication. (ECF No. 35).

On July 19, 2019, Plaintiffs filed four additional motions. Three motions (ECF Nos. 39, 40, and 42) were, with minor exceptions, identical to the three motions that they filed the previous day. In the remaining motion, Plaintiffs sought leave to amend their complaint. (ECF No. 44). Plaintiffs did not contact the Court to request a hearing on any of their motions.

## II. ANALYSIS

### A. Motions for Extension of Time

Plaintiffs seek to extend the period of time to respond to the motions from 10 days to 21 days. In support of their motions, Plaintiffs reference "Rule 27," which they believe requires them to respond to Defendants' motions within 10 days of service. Plaintiffs contend that additional time is necessary because of the "unusual number of Defendants" and the "numerous motions" to which they need to respond.

The Court will deny these motions as moot. Plaintiffs have mistakenly relied on Federal Rule of Appellate Procedure 27. The Federal Rules of Appellate Procedure govern matters pending in the United States Courts of Appeals. Fed. R. App. P. 1(a)(1). Because this matter is pending in the United States District Court, it is governed by the Federal Rules of Civil Procedure and this District's Local Rules. Fed. R. Civ. P. 1; D. Minn. LR 1.1(a). The District's Local Rules provide a moving party 21 days to respond to a dispositive motion, including a motion to dismiss. D. Minn. LR 7.1(c)(2). The Court need not grant the relief that Plaintiffs seek because they already have 21 days to respond to Defendants' motions.

### B. Motions for Temporary Restraining Order

Plaintiffs also seek a temporary restraining order against Attorney Hentosz. Because Defendants received notice of these motions when they were electronically docketed by the Clerk of Court, the Court will convert these motions into motions for preliminary

injunctions.[1] *See Four Season Hotels and Resorts, B.V. v. Consorcio Barr, S.A.,* 320 F.3d 1205, 1210 n. 3 (11th Cir. 2003) ("The district court may convert a hearing for a temporary restraining order into a hearing for a preliminary injunction as long as the adverse party had notice of the hearing.").

Motions for preliminary injunctions are dispositive motions. D. Minn. LR 7.1(c)(6). The District Judge has referred all dispositive motions to the undersigned for Reports and Recommendations. (ECF No. 3). The Court will therefore order a briefing schedule for the preliminary injunction motions that is consistent with the timelines provided for by this District's Local Rules.

## C. Motions to Serve by Publication

Because Plaintiffs were unable to serve Johnson at what they believed to be his place of employment, they now move to serve Johnson by publication. Federal Rule of Civil Procedure 4(e) sets for the requirements for effecting service on an individual in the United States. Among other things, Rule 4 permits service of a summons by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Relying on this provision, Plaintiffs allege that because Johnson "is a resident of Minnesota and cannot be found," service by publication is appropriate under Minnesota Rule of Civil Procedure 4.04.

---

[1] The Court takes no position on whether Plaintiffs served and filed their motions correctly. Instead the Court will consider any arguments the parties make to that effect in their briefing.

Plaintiffs' motions fail for several reasons. First, given their allegation that Johnson "cannot be found," the Court construes their motion as seeking service by publication pursuant to Minnesota Rule of Civil Procedure 4.04(a)(2)(A). Though that provision authorizes service by publication when the "defendant is a resident individual who has departed from the state or cannot be found therein," it does so only if "the plaintiff has acquired a lien upon property or credits within the state by attachment or garnishment." Minn. R. Civ. P. 4.04(a)(2)(A). Plaintiffs have not identified any lien or garnishment that is relevant to this action.

Second, Plaintiffs failed to comply with Rule 4.04's procedural requirements. Rule 4.04 requires that a summons be served by publication only after the plaintiff has filed with the Court both the complaint and an affidavit that sets forth: (1) the reason for service by publication; (2) that the affiant believes the defendant is not a resident of the state or cannot be found therein; and (3) that the "affiant has mailed a copy of the summons to the defendant at the defendant's place of residence or that such residence is not known to the affiant." *Id*. Plaintiffs have not filed an affidavit with the Court setting for these facts. Nor have they otherwise demonstrated that they mailed a copy of the summons to Johnson's residence or that they do not know where his residence is located.

Finally, Minnesota state law requires that a plaintiff make a diligent effort to serve the defendant personally before effecting service by publication. *Arnold v. Boggs*, 152 N.W. 640, 641 (1915). Plaintiffs have not done so here. Based on the record before the Court, Plaintiffs attempted to serve Johnson only once. They did not attempt to locate his home address. Nor did they attempt to contact him by telephone or e-mail to arrange

service. Plaintiffs' single attempt to arrange service on Johnson at his workplace does not constitute the type of diligent effort necessary to effect service by publication under Minnesota state law. *See Midland Funding, LLC v. Coyne*, No. A17-0607, 2017 WL 5560065, at *3 (Minn. App. Nov. 20, 2017) (finding plaintiff made diligent effort to serve defendant after "more than one dozen attempts at personal service, 23 phone calls, multiple mailings of the summons and various correspondence, and ongoing attempts to find a better address"). Plaintiffs' motions fail for this reason as well.

Furthermore in reviewing the motions for service by publication, the Court notes that more than 90 days have passed since Plaintiffs filed their complaint. The Federal Rules of Civil Procedure require a defendant to be served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). If service is not effected by that time, the Court must, upon motion, or on its own after notice to the plaintiff, order the matter be dismissed without prejudice or order that service be made within a specified time. *Id.* The Court may also extend the time for service upon a showing of good cause by the plaintiff. *Id.*

In this case, given Plaintiffs' pro se status, their previous attempt to serve Johnson, and their filing of this motion, it is appropriate to grant Plaintiffs a 30-day extension by which to serve Johnson. Plaintiffs are warned, however, that absent a showing of compelling circumstances, the Court will not grant any further extensions. Should Plaintiffs fail to serve Johnson during this 30-day period or file a motion showing that service by publication is appropriate under Minnesota state law, the Court will recommend that their claims against Johnson be dismissed without prejudice.

### D. Motion to Amend

Finally, Plaintiffs move to amend their complaint. (ECF No. 44). Plaintiffs state that leave to amend should be granted because after they noticed that "corrections needed to be made" after they reviewed their first amended complaint. (ECF No. 44, p. 2). Plaintiffs further allege that leave to amend should be granted because this case "is still in the early stages." *Id*.

The Court will deny this motion without prejudice. In seeking leave to amend, Plaintiffs have not complied with this Court's local rules. If Plaintiffs wish to seek leave to amend their complaint, they must file a motion that is "accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading." D. Minn. LR. 15.1. Plaintiffs have not filed a copy of either document. They must do so before the Court will consider any motion to amend.

### E. Future Motion Practice

In considering these motions, the Court notes that Plaintiffs struggled to comply with the Court's rules and to identify the proper legal authority under which to seek relief. The Court recognizes that Plaintiffs are proceeding pro se and thus are not likely to be familiar with court rules or procedure. Pro se litigants must, however, still "comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Court therefore encourages Plaintiffs to review the materials available to pro se litigants through the Court's website, www.mnd.uscourts.gov, before filing any future motions.

Those materials may be accessed by clicking on the red link "Representing Yourself (Pro-Se)."

## III.   CONCLUSION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Plaintiffs' Motions for Extension of Response Time to All Defendants' Motions (ECF No. 31 and 39) are **DENIED AS MOOT**.

2. Briefing on Plaintiffs' Motions for Restraining Order on Brian Hentosz (ECF Nos. 32 and 40) shall occur as follows:

    a. **Defendants' Response is due on or before August 13, 2019.**

    b. **Plaintiffs' reply is due on or before August 28, 2019.**

    c. The matter will be deemed submitted at that time and will be taken under advisement and considered on the papers without a hearing.

3. Plaintiffs' Motions to Serve by Publication on "Defendant" Don Johnson (ECF No. 35 and 42) are **DENIED.**

4. Plaintiffs' Motion to Amend Complaint (ECF No. 44) is **DENIED WITHOUT PREJUDICE.**

5. Within 30 days of the date of this Order, Plaintiffs must show cause *in writing* as to why their claims should not be dismissed against Defendant Don Johnson for non-compliance with Federal Rule of Civil Procedure 4. Failure to do so may result in those claims being dismissed for failure to prosecute.

6. All prior consistent orders remain in full force and effect.

7. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default

judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: July 22, 2019

      *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Bailey, et al. v. Metropolitan Council, et al.*
Case No. 19-cv-1024 (DWF/TNL)