UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeffrey L. Bailey and Marlon E. Carter,

     Plaintiffs,     Case No. 19-cv-1024 (DWF/TNL)

v.

Metropolitan Council, First Transit, Inc.,
Tim Ogren, Patricia Vold, Don Johnson,    **ORDER**
Troy D. Gustafson, Teamsters Local 120,
and Dean Vinge,

     Defendants,

---

Jeffrey L. Bailey, 1418 130th Avenue, New Richmond, WI 54017 and Marlon E. Carter 2600 21st Avenue North, Minneapolis, MN 55411 (pro se Plaintiffs);

Brian Hentosz, Littler Mendelson, 625 Liberty Avenue, Pittsburgh, PA 15222 and Holly M. Robbins, Littler Mendelson, 80 South Eighth Street, Suite 1300, Minneapolis, MN 55402 (for Defendants Metropolitan Council, First Transit, Inc., Ogren, Vold, Johnson and Vinge); and

Katrina E. Joseph, Teamsters Local No. 120, 9422 Ulysses Street Northeast, Suite 120, Blaine, MN 55434 (for Defendants Gustafson and Teamsters Local 120).

---

  This matter is before the Court on Plaintiffs' Motion to Deny Defendants' Motion for Admission Pro Hac Vice (ECF No. 71) and Plaintiffs' 2nd Motion to Amend Amended Complaint. (ECF No. 89). For the reasons set forth below, the Court will deny Plaintiffs' motion to deny admission pro hac vice. The Court will also set a briefing schedule on the motion to amend and related motions to dismiss.

## I. BACKGROUND

Plaintiffs filed suit on April 12, 2019. They amended their complaint on June 11, 2019. (ECF No. 5). Approximately one month later, all Defendants but Johnson, who had not yet been served, moved to dismiss the amended complaint. (ECF Nos. 11 & 17). Plaintiffs subsequently served Johnson, who moved to dismiss the complaint on August 22, 2019. (ECF No. 79). Plaintiffs then moved to amend their complaint. (ECF No. 89).

Shortly before the first two motions-to-dismiss were filed, Attorney Holly M. Robbins moved for admission pro hac vice of Attorney Brian M. Hentosz, who is based in Pennsylvania. (ECF No. 10). Robbins indicated that she was a resident of the State of Minnesota and that she agreed to participate in the preparation and presentation of this case and accept service of all papers as required by this Court's local rules. Hentosz submitted an affidavit in support of the motion indicating that he was admitted to the United States District Court for the Western District of Pennsylvania and consenting to electronic service. (ECF No. 10, p. 2). The Court granted the motion on July 10, 2019. (ECF No. 16).

Plaintiffs now move to deny admission pro hac vice to Hentosz. (ECF No. 71). They allege that he has misled and harassed them by acting as though he was licensed in Minnesota even though he had not yet been admitted pro hac vice. They further note that Minnesota communication laws are different than Pennsylvania laws, which they argue "will cause arguments and conflicts when communicating when referring back to digital notes." (ECF No. 71, p. 2). They also argue that allowing an out-of-state attorney to represent certain Defendants in this case adds unnecessary expense to them and that Defendants have other local counsel who can represent them.

## II. ANALYSIS

An attorney not working for the United States or one of its officers or agencies, who resides outside of Minnesota, and who is not admitted to practice before the Minnesota Supreme Court may petition to appear before the Court pro hac vice. D. Minn. LR. 83.5(d). The attorney seeking admission pro hac vice must be a member in good standing with another federal district court and associate with an active member of this Court's bar who has agreed to participate in the presentation and preparation of the case, agreed to accept service of all papers, and is a Minnesota resident, unless otherwise ordered. D. Minn. LR. 83.5(d)(2). In addition, a member of this Court's bar must move for admission of the attorney seeking pro hac vice admission. D. Minn. LR. 83.5(d)(3). The motion must be accompanied by payment of the admission fee, be made on the form supplied by the Clerk of Court, and include affidavits by both the attorney seeking pro hac vice admission and the attorney with the nonresident attorney will be associating. D. Minn. LR. 83.5(d)(3).

In this case, Robbins filed a motion for admission pro hac vice for Hentosz on the appropriate form, with the appropriate filing fee, and accompanied by the appropriate affidavits. (ECF No. 10). Hentosz, being a member in good standing of another federal district court and having associated with an active member of the Court's bar who has agreed to all the requirements of Local Rule 83.5(d)(2), is eligible for pro hac vice admission. This Court recognizing as much, granted the motion.

The Court will not reconsider this decision. Plaintiffs have not filed a letter requesting permission to file a motion for reconsideration. D. Minn. LR. 7.1(j). But even if they had, there is no merit to their request. Local counsel has agreed to accept service of

all papers in this case. Thus, Plaintiffs are incurring no additional expense by the admission pro hac vice of Hentosz; they need only serve Hollins. Plaintiffs have also identified no legal authority demonstrating that Hentosz has engaged in any conduct that would constitute grounds to deny him admission pro hac vice. The fact that Hentosz contacted them before being admitted pro hac vice is irrelevant. Minnesota Rule of Professional Conduct 5.5, which applies to practice in this Court, *see* D. Minn. LR. 83.6, permits an attorney to provide legal services on a temporary basis if the attorney reasonably expects to be authorized to practice in this district. Nothing in the record suggests that Hentosz exceeded the scope of practice authorized by the Rule 5.5.

Finally, there is no reason for the Court to deny admission pro hac vice because of differences between Minnesota and Pennsylvania communication laws. At first glance, this argument appears non-sensical. But, based on other filings in this case (ECF No. 57-1, p. 3), it appears that Plaintiffs have a habit of recording conversations they have with defense counsel (as well as with an administrative law judge in a related matter). Minnesota is a "one-party" consent state, which means a person may record a communication with another person without his or her consent, so long as the recording party is participating in the conversation. Minn. Stat. § 626A.02, subd. 2(d). Pennsylvania, however, is a "two-party" consent state, meaning that all parties to the communication must consent to it being recorded. 18 Pa. Cons. Stat. §§ 5703, 5704(4). A person who violates the Pennsylvania law is guilty of a third-degree felony. 18 Pa. Cons. Stat. § 5703. Thus, Plaintiffs appear to be suggesting that the Court deny admission pro hac vice to an attorney because they would

not be able to record that attorney without either obtaining his consent or without committing a felony in Pennsylvania.

Plaintiffs' argument is patently absurd. It is highly unusual and inappropriate for a litigant to record a conversation with another party. In fact, quite frankly, the Court can think of no reason for a litigant to do so. And setting aside the question of whether Plaintiffs should be permitted to record calls with opposing counsel without their consent, the Court will absolutely not deny Defendants the right to their chosen counsel simply because Plaintiffs would face the risk of criminal prosecution if they recorded conversations with him or her. Plaintiffs are expected to treat opposing counsel with the same level of respect and decorum that the Court would expect of any attorney appearing before it. They are also expected to comply with state law.

The Court will also take this opportunity to put Plaintiffs on notice. Plaintiffs have repeatedly contacted Court staff for hearing dates on their motions and may appear at some point before the Court for arguments on the motions-to-dismiss. This District's Electronic Device Policy expressly prohibits the use of electronic devices to photograph or record any court proceeding, court office, or court staff member. That Policy has applied, now applies, and shall apply to Plaintiffs. For purposes of emphasis and not limitation, however, the Court here emphasizes that Plaintiffs must comply with this Policy. Should Plaintiffs fail to do so, the Court will consider imposing fines, costs, and other significant sanctions, including without limitation, confiscation of the device, and other matters identified in Section III.7 herein.

## III. CONCLUSION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Plaintiffs' Motion to Deny Defendants' Motion for Admission Pro Hac Vice (ECF No. 71) is **DENIED**.

2. Plaintiffs shall read and familiarize themselves with the Policy on Use of Electronic Devices in U.S. Courthouses in the District of Minnesota. A copy of the policy is attached to this Order. Plaintiffs shall comply with this policy.

3. On September 10, 2019, Plaintiffs moved to amend the complaint. (ECF No. 89). Briefing on that motion shall occur pursuant to the District's local rules. The matter shall be decided on the papers, without a hearing.

4. Briefing on Defendant Don Johnson's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 79) is stayed pending the Court's decision on Plaintiffs' motion to amend their complaint. If necessary, the Court will set a briefing schedule on Johnson's motion to dismiss after the Court decides the motion to amend.

5. The September 30, 2019 and October 31, 2019 hearings on motions to dismiss (ECF Nos. 11 and 17) are also stricken from the Court's calendar. If necessary, the Court will reschedule those hearings after the Court decides the motion to amend.

6. All prior consistent orders remain in full force and effect.

[continued on next page]

7. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: September 12, 2019

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Bailey, et al. v. Metropolitan Council, et al.*
Case No. 19-cv-1024 (DWF/TNL)



# Policy on Use of Electronic Devices in U.S. Courthouses in the District of Minnesota
(Effective March 13, 2017)

Members of the public (including media representatives and attorneys) may bring electronic devices (including smart phones, tablets, and laptops) into any U.S. Courthouse in the District of Minnesota subject to the following restrictions:

1. **Subject to inspection.** Any electronic device brought into a U.S. Courthouse may be inspected by a Deputy U.S. Marshal or Court Security Officer.

2. **No photography, recording, broadcasting, or transmission allowed.** Unless specifically authorized by the Chief Judge or by a judge presiding over a ceremonial court proceeding, no person may use an electronic device to photograph or record any court proceeding, courtroom, court office, or court staff member, or to broadcast or otherwise transmit any part of any court proceeding.

3. **Use in courtrooms.** Any electronic device that is brought into a courtroom must be powered off and stored away; an electronic device must not be held in any person's hand. The presiding judge may authorize an exception to this rule for (1) a media representative or (2) an attorney who has appeared in the matter.

4. **Violations of this Policy.** Any person who violates this Policy must be removed from a courtroom or courthouse by a Deputy U.S. Marshal or Court Security Officer. In addition, a Deputy U.S. Marshal or Court Security Officer may confiscate any electronic device from any person who violates paragraph 2 of this policy, provided that the Deputy U.S. Marshal or Court Security Officer immediately presents the device and the alleged violator to the presiding judge or Chief Judge.