UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeffrey L. Bailey and Marlon E. Carter,

        Plaintiff,

                              Case No. 19-cv-1024 (DWF/TNL)

v.

Metropolitan Council, First Transit, Inc.,
Tim Ogren, Patricia Vold, Don Johnson,
Troy D. Gustafson, Teamsters Local 120,     **ORDER**
and Dean Vinge,

        Defendants,

---

Jeffrey L. Bailey, 1418 130th Avenue, New Richmond, WI 54017 and Marlon E. Carter 2600 21st Avenue North, Minneapolis, MN 55411 (pro se Plaintiffs);

Brian Hentosz, Littler Mendelson, 625 Liberty Avenue, Pittsburgh, PA 15222 and Holly M. Robbins, Littler Mendelson, 80 South Eighth Street, Suite 1300, Minneapolis, MN 55402 (for Defendants Metropolitan Council, First Transit, Inc., Ogren, Vold, and Vinge); and

Katrina E. Joseph, Teamsters Local No. 120, 9422 Ulysses Street Northeast, Suite 120, Blaine, MN 55434 (for Defendants Gustafson and Teamsters Local 120).

---

      This matter is before the Court on Plaintiffs' 2nd Motion to Amend Amended Complaint. (ECF No. 89) and Defendants' Motion to Extend Time to Respond to Plaintiffs' Second Motion to Amend Amended Complaint (ECF No. 104). For the reasons set forth below, the Court will grant both motions.

1

I. **BACKGROUND**

Plaintiffs filed suit on April 12, 2019. They amended their complaint on June 11, 2019. (ECF No. 5). Approximately one month later, all Defendants but Johnson, who had not yet been served, moved to dismiss the amended complaint. (ECF Nos. 11 & 17). Plaintiffs subsequently served Johnson. He moved to dismiss the complaint on August 22, 2019. (ECF No. 79).

Plaintiffs then moved to amend their complaint. (ECF No. 89). They state that leave to amend should be granted because they noticed that "correction needed to be made" after they reviewed their first amended complaint. (ECF No. 89, p. 2). Plaintiffs further contend that leave to amend should be granted because this case "is still in the early stage[.]" (ECF No. 89, p. 2).

Shortly after Plaintiffs moved for leave to amend, the Court issued an order denying Plaintiffs' motion to deny pro hac vice admission to one of Defendants' attorneys. (ECF No. 102). On page one of that order, the Court said it would set a briefing schedule on the motion to amend. On the last page of the order, the Court set that briefing schedule by directing that briefing "occur pursuant to the District's local rules." (ECF No. 102, p. 3). Because the local rules provide a party seven days to respond to a non-dispositive motion, *see* D. Minn. LR 7.1(b)(2), Defendants' response to the motion to amend would be due on or before September 17, 2019.

Defendants did not respond until September 18, 2019. At that time, all Defendants but Troy Gustafson and Teamsters Local 120 ("Union Defendants") moved for an extension of time to respond to the motion to amend. (ECF No. 104) The moving

2

Defendants indicate they misunderstood the Court's previous order and assumed the Court would set a separate briefing schedule on the motion to amend. Both sets of Defendants then filed responses opposing the motions to amend. (ECF Nos. 107, 109). The Court took the matter under advisement without a hearing.

## II. ANALYSIS

The first question the Court must resolve is whether to consider the arguments Defendants made in opposition to the motion to amend, since Defendants did not timely file their responses. The District's local rules permit the Court, among other things, to take any action the Court "considers appropriate" when a party fails to timely file and serve a memorandum of law. D. Minn. LR 7.1(g)(6). Were the Court to strike those responses from the record, Plaintiffs' motion would be unopposed. The Court would be likely be left with no choice but to grant it.

Such a drastic step would be warranted. The Court has repeatedly emphasized the importance of compliance with the local rules in this case. Just a few months ago, the Court rejected a previous motion to amend that Plaintiffs filed, without even receiving briefing from the other side, because Plaintiffs had not complied with the local rules when they filed their motion. (ECF No. 45, p. 7). And recently after that, the Court issued an order reminding Plaintiffs that they needed to comply with the District's Electronic Device Policy. (ECF No. 102). The Court expects the same level of compliance from experienced counsel on the other side of this case.

It is not necessary, however, for the Court to take such a drastic step here. Even considering the arguments Defendants make, there is no reason to deny the motion to

amend. Once 21 days have passed after service of a responsive pleading, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Although leave to amend 'shall be freely given when justice so requires,' *see* Fed. R. Civ. P. 15(a), plaintiffs do not have an absolute or automatic right to amend." *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)). The Court may deny a party's request for leave to amend only "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)). "[A] motion to amend should be denied on the merits 'only if it asserts clearly frivolous claims or defenses.'" *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) (quoting *Gamma–10 Plastics, Inc. v. American President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994)).

Defendants First Transit, Metropolitan Council, Tim Goren, Patricia Vold, Dean Vinge, and Don Johnson ("Transit Defendants") argue the motion to amend should be denied because it will cause undue delay, was brought in bad faith, and raises claims that are futile. The Union Defendants also argue the proposed amendments are futile. None of these arguments are persuasive.

The Transit Defendants contend that the motion for leave to amend will cause undue delay because Plaintiffs filed it after the parties completed briefing on all but one of the

three motions-to-dismiss and because they were aware of the facts and claims they added at the time they filed their previous complaint. But Plaintiffs filed their motion for leave to amend timely, as the Court has not yet issued a pretrial scheduling order or otherwise set a deadline for the parties to amend their pleadings. And the fact that motions to dismiss are being briefed or have been briefed when the motion to amend was filed does not constitute good reason to deny a motion to amend. *See Arcaro v. City of Anoka*, No. 13-CV-2772, 2014 WL 12605452, at *6 (D. Minn. Oct. 31, 2014) (granting motion to amend that was filed while dispositive motions were being briefed). The Court therefore concludes the motion to amend will not constitute undue delay.[1]

Likewise, the Court concludes Plaintiffs are not acting in bad faith. "[T]he number of decisions addressing bad faith in the Rule 15 context are relatively few and far between." *ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.*, 355 F. Supp. 3d 785, 791 (D. Minn. 2019). But in general, courts have concluded that "bad faith is a subjective inquiry that requires proof that the moving party acted "with intent to deceive, harass, mislead, delay, or disrupt." *Id.* (citation omitted). As a result, the Court may deny a motion for leave to amend on bad faith grounds only if it determines the moving party acts with "dishonest purpose or moral obliquity." *Id.* (citation omitted). The fact the moving party acted with mere negligence or bad judgment is not sufficient to deny an otherwise timely motion for leave to amend on bad faith grounds. *Id.*

---

[1] The Court does note this would be Plaintiffs' third complaint in this matter. Plaintiffs should be on notice that further attempts to amend will be viewed skeptically. *See Shukh v. Seagate Technology, LLC*, 873 F. Supp. 2d 1087, 1093 (D. Minn. 2012) (denying motion to file a fourth complaint in the matter because the plaintiff had ample opportunity in first three complaints to include "the language he now seeks to add").

Here, the Transit Defendants argue that Plaintiffs' proffered reason for amendment, that they "noticed that correction needed to be made" (ECF No. 82) does not justify the new claims they added in this litigation. The fact that Plaintiffs reviewed their complaint and believed they needed to correct it in order to add additional claims does not mean they acted in bad faith. At most, it suggests negligence or poor judgment on Plaintiffs' part when they filed their original pleading and first amended pleading. Defendants identify nothing else in the record that would suggest that Plaintiffs acted dishonestly or with the purpose of misleading the Court when they moved for leave to amend. The Court therefore cannot conclude this is the rare case where a motion for leave to amend under Rule 15 should be denied on bad faith grounds.

Finally, the Court need not address Defendants' futility arguments. A motion for leave to amend a pleading is futile when the amended pleading would not be able to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). As a result, were the Court to consider the futility of Plaintiffs' proposed amendments, it would be, at least indirectly, ruling on the merits of that motion. A motion to dismiss under Rule 12(b)(6), however, is a dispositive motion that the District Judge in this case will review via a Report and Recommendation from the undersigned. D. Minn. L.R. 7.1(c)(6)(B). Therefore, it is more appropriate for this Court to "permit the amendment" and allow the claims to go forward, so that the Court may consider them in the motion to dismiss that Defendants are sure to bring. *Arcaro v. City of Anoka*, No. 13-cv-2772, 2014 WL 12605451, at *3, (D. Minn. July 16, 2014). Such a result ensures that Plaintiffs have the opportunity to respond to Defendants' claims, that

the parties litigate this matter pursuant to the briefing schedule and procedure provided for in this district's local rules, and that the District Judge has the opportunity to consider any objections to this Court's report and recommendation. *See* D. Minn. L.R. 7.1(c)(1)-(3); D. Minn. L.R. 7.1(c)(5)(iii). Accordingly, the Court will not deny the motion for leave to amend on the grounds that the proposed amendments are futile.

## III. CONCLUSION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion to Extend Time to Respond to Plaintiffs' Second Motion to Amend Amended Complaint (ECF No. 104) is **GRANTED.**

2. Plaintiffs' 2nd Motion to Amend Amended Complaint (ECF No. 89) is **GRANTED**. Plaintiffs shall file their Second Amended Complaint with 14 days of the date of this Order.

3. All prior consistent orders remain in full force and effect.

[continued on next page]

4. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: September 25, 2019

        *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Bailey et al. v. Metropolitan Council, et al.*

Case No. 19-cv-1024 (DWF/TNL)