UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffrey L. Bailey and Marlon E. Carter, | Case No. 19-cv-1024 (DWF/TNL) |
| Plaintiffs, | |
| v. | |
| Metropolitan Council, First Transit, Inc., Tim Ogren, Patricia Vold, Don Johnson, Troy D. Gustafson, Teamsters Local 120, and Dean Vinge, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

Jeffrey L. Bailey, 1418 130th Avenue, New Richmond, WI 54017 and Marlon E. Carter 2600 21st Avenue North, Minneapolis, MN 55411 (pro se Plaintiffs);

Brian Hentosz, Littler Mendelson, 625 Liberty Avenue, Pittsburgh, PA 15222 and Holly M. Robbins, Littler Mendelson, 80 South Eighth Street, Suite 1300, Minneapolis, MN 55402 (for Defendants Metropolitan Council, First Transit, Inc., Johnson, Ogren, Vold, and Vinge); and

Katrina E. Joseph, Teamsters Local No. 120, 9422 Ulysses Street Northeast, Suite 120, Blaine, MN 55434 (for Defendants Gustafson and Teamsters Local 120).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendants Teamsters Local 120 and Troy D. Gustafson's Motion to Dismiss (ECF No. 11), Defendants First Transit, Inc., the Metropolitan Council, Tim Ogren, Patricia Vold, and Dean Vinge's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 17), Plaintiffs' Motions for Restraining Order on Brian Hentosz (ECF Nos. 32 and 40), Defendant Don Johnson's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 79) and Plaintiffs' motions to deny the motions to dismiss. (ECF Nos. 59, 65, and 96).

1

These motions have been referred to the undersigned for a report and recommendation to the Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. (ECF No. 3). Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that Defendants' motions to dismiss and Plaintiffs' motions to deny the motions to dismiss be denied as moot and that Plaintiffs' motions for a temporary restraining order be denied.

## I.  BACKGROUND

Plaintiffs filed suit on April 12, 2019. They amended their complaint on June 11, 2019. (ECF No. 5). Each Defendant then moved to dismiss the first amended complaint. (ECF No. 11, 17, and 79). In response, Plaintiffs filed "motions" to deny each motion to dismiss. (ECF Nos. 59, 65, and 96). The Court has construed Plaintiffs' motions as responses to the motions to dismiss.

Plaintiffs also filed two motions for a restraining order against Attorney Brian Hentosz, who represents several Defendants in this matter. (ECF Nos. 32 and 40). The two motions are nearly identical. Plaintiffs allege that Hentosz harassed and lied to them, and that he misled them by representing to them that he would serve as counsel in this matter, even though he had not yet been admitted pro hac vice.

Plaintiffs then moved to amend their complaint. (ECF No. 89). The Court granted their motion on September 26, 2019. (ECF No. 112). Plaintiffs filed their second amended complaint on October 4, 2019. (ECF No. 113).

## II.   MOTION TO DISMISS

Defendants have moved to dismiss the first amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because the Court has granted Plaintiffs' motion to amend their complaint and because Plaintiffs have since filed their second amended complaint, Defendants' motions to dismiss and Plaintiffs' motions in opposition are now moot. The Court therefore recommends that each motion be denied.

## III.   MOTION FOR RESTRAINING ORDER

Plaintiffs have also filed two motions for a restraining order against Hentosz. Because Defendants received notice of these motions and responded to them, the Court has converted them into motions for a preliminary injunction. *See Four Season Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 n. 3 (11th Cir. 2003) ("The district court may convert a hearing for a temporary restraining order into a hearing for a preliminary injunction as long as the adverse party had notice of the hearing."). Courts consider four factors, commonly referred to as the *Dataphase* factors, in determining whether a preliminary injunction is appropriate: (1) the threat of irreparable harm to the movant; (2) the balance between the harm identified by the moving party and the injury that granting the injunction will inflict on the other parties; (3) the probability that the moving party will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). The burden is on the moving party to show the injunction is justified. *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844, (8th Cir. 2003).

Plaintiffs are unable to show that an injunction is necessary to prevent irreparable harm. This alone requires the Court to recommend that their motions be denied. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987) ("Once a court determines that the movant has failed to show irreparable harm absent an injunction, the inquiry is finished and the denial of the injunctive request is warranted."). Plaintiffs argue that injunctive relief is necessary to prevent Hentosz from misleading and harassing them. In particular, they claim that Hentosz misled them by acting as though he were a licensed attorney in Minnesota, even though he had not yet been admitted pro hac vice. Plaintiffs' arguments are without merit.

As the Court explained in a previous order denying Plaintiffs' Motion to Deny Defendants' Motion for Admission Pro Hac Vice (ECF No. 102), the Minnesota Rules of Professional Conduct permit an attorney to provide legal services on a temporary basis if the attorney reasonably expects to be authorized to practice in this district. Minn. R. Prof. Cond. 5.5; *see also* D. Minn. LR 83.6. And as the Court also noted in that order, nothing in the record suggests that Hentosz exceeded the scope of practice authorized by the Minnesota Rules of Professional Conduct. Hentosz has also now been admitted to appear pro hac vice in this matter. Therefore, Plaintiffs cannot claim that a preliminary injunction is necessary to prevent Hentosz from misleading them about his ability to represent his clients in this district.

Plaintiffs are also unable to establish that an injunction is necessary to stop Hentosz from harassing them. Plaintiffs' claim that Hentosz will harass them is based on a small number of conclusory allegations regarding his previous conduct. Plaintiffs do not,

however, identify what Hentosz said or did previously. Nor do they explain why his actions went beyond what would be expected of an attorney who is vigorously representing his clients. In fact, it appears the primary factor that led to the filing of this motion was a dispute regarding Plaintiffs' recording of certain conversations with defense counsel. As the Court noted in its previous order (ECF No. 102), it is highly inappropriate (and illegal in certain jurisdictions) for a litigant to record a conversation with another party. Given those circumstances, it would be quite reasonable for Hentosz to object to Plaintiffs' recording their conversations with him. His doing so would not constitute reason for the Court to take the rather unusual step of prohibiting one side's chosen counsel from communicating with the opposing pro se party. The Court therefore recommends the motions for a temporary restraining order be denied.

Finally, the Court notes in response to motions for a temporary restraining order, several Defendants asked to be excused from teleconferences in this matter. (ECF No. 56, p. 6). The Court will not take any action on this request. The parties should work with one another to determine the best way to communicate effectively about this litigation. The Court expects both sides to conduct themselves in accordance with all relevant rules, laws, and any prior consistent decisions in this matter, and to be able to address issues with one another appropriately.

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Teamsters Local 120 and Troy D. Gustafson's Motion to Dismiss (ECF No. 11), Defendants' First Transit, Inc., the Metropolitan Council, Tim Ogren, Patricia Vold, and Dean Vinge's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 17), Defendant Don Johnson's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 79) and Plaintiffs' motions to deny the motions to dismiss (ECF Nos. 59, 65, and 96) be **DENIED AS MOOT**.

2. Plaintiffs' Motions for Restraining Order on Brian Hentosz (ECF Nos. 32 and 40) be **DENIED**.

Date: December 3, 2019         *s/ Tony N. Leung*
                               Tony N. Leung
                               United States Magistrate Judge
                               District of Minnesota

                               *Bailey, et al. v. Metropolitan Council, et al.*
                               No. 19-cv-1024 (DWF/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).