## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffrey L. Bailey and Marlon E. Carter, | Civil No. 19-1024 (DWF/TNL) |
| Plaintiffs, | |
| v. | **ORDER** |
| Metropolitan Council, et al., | |
| Defendants. | |

The above matter comes before the Court upon *pro se* Plaintiffs' Objection (Doc. No. 150) to the Report and Recommendation of United States Magistrate Judge Tony N. Leung filed February 19, 2020 (Doc. No. 149) addressing Defendants First Transit, Inc., the Metropolitan Council, Tim Ogren, Patricia Vold, and Dean Vinge's Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. No. 114), Defendants Teamsters Local 120 and Troy D. Gustafson's Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. No. 122), and Plaintiffs' self-styled motions to deny the motions to dismiss (Doc. Nos. 129, 136). Defendants First Transit, Inc., the Metropolitan Council, Tim Ogren, Dean Vinge, and Patricia Vold, and responded to Plaintiffs' objections. (Doc. No. 151.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference

for purposes of Plaintiffs' objections.  In the Report and Recommendation, the Magistrate Judge addressed Plaintiffs' federal and state claims alleging discrimination and retaliation.  As to the federal claims, the Magistrate Judge recommended that: (1) Plaintiffs' claim under the National Transit Systems Security Act ("NTSSA") be dismissed without prejudice because Plaintiffs failed to adequately plead facts that would establish a plausible claim for relief—namely that Plaintiffs failed to identify specific rules or laws Defendants violated, any hazardous safety or security conditions or alleged fraudulent activity with particularity, or facts showing that Defendants Local 120 or Gustafson is a public transit agency, contractor, subcontractor, officer or employee of the agency; (2) Plaintiffs' Title VI claim be dismissed without prejudice because Plaintiffs failed to plead a viable cause of action under Title VI because they did not identify the purpose for which the Metropolitan Council receives federal funds or showing that the primary purpose of any federal funds is to provide employment or that employees like Plaintiffs would be the intended beneficiaries of the such funds; (3) Plaintiffs' Title VII claims be dismissed with prejudice because those claims are untimely and tolling is not warranted; (4) Plaintiffs' False Claims Act ("FCA") claim be dismissed without prejudice because the allegations fail to meet the particularity requirements of Rule 9(b); and (5) Plaintiffs' § 1981 race discrimination and retaliation claims be dismissed without prejudice because Plaintiffs have failed to allege a prima facie case or any facts that would give rise to an inference of discrimination or retaliatory motive.  With respect to Plaintiffs' state-law claims, the Magistrate Judge recommended that:  (1) Plaintiffs' claim under Minnesota Statute § 541.05, a statute governing the statute of limitations, be

dismissed with prejudice because Plaintiff fails to explain how this statute gives them an independent claim for relief; and (2) the Court decline to exercise supplemental jurisdiction over Plaintiffs' remaining claim under Minnesota Statute § 181.932 because of the recommended dismissal of all federal claims arising under the Court's original jurisdiction.

Plaintiffs object to the Magistrate Judge's Report and Recommendation. Specifically, Plaintiffs argue that they have adequately alleged violations of the NTSSA, Title VI, the FCA and § 1981.  Defendants respond to Plaintiffs' objections, arguing that Plaintiffs fail to address the Magistrate Judge's legal conclusions and simply restate the allegations in their Second Amended Complaint.

The Court has carefully reviewed the Report and Recommendation, Plaintiffs' objections, and Defendants' response.  After that review, the Court finds no reason to depart from the Magistrate Judge's recommendations, which are both factually and legally correct.  Based upon the Court's *de novo* review of the record, the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Plaintiffs' Objection to the Report and Recommendation (Doc. No. [150]) is **OVERRULED.**

2. Magistrate Judge Tony N. Leung's February 19, 2020 Report and Recommendation (Doc. No. [149]) is **ADOPTED**.

4

      3.      Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. No. [114]) and Defendants' Teamsters Local 120 and Troy D. Gustafson Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. [122]) are **GRANTED** as follows:

          a.      The claims under Title VII of the Civil Rights Act and Minnesota Statutes Section 541.05 are **DISMISSED WITH PREJUDICE**; and

          b.      All other claims are **DISMISSED WITHOUT PREJUDICE**.

      4.      Plaintiffs' motions to deny the motions to dismiss (Doc. Nos. [129], [136]) are **DENIED**.

      **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 22, 2020              s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge